### HEROLD v. MUTUAL BENEFIT LIFE INS. CO.

(Circuit Court of Appeals, Third Circuit. January 27, 1913.)

#### No. 1,693.

INTERNAL REVENUE (§ 9*)—CORPORATION TAX—LIFE INSURANCE COMPANIES —PREMIUM DIVIDENDS.

So-called "dividends" paid annually to policy holders by a mutual life insurance company doing business on the level premium plan, which arise from the excess of premiums collected during previous years over actual ascertained requirements, are not taxable as part of the company's "net income * * * received by it * * * during such year," under Act Aug. 5, 1909, c. 6, § 38, 36 Stat. 112 (U. S. Comp. St. Supp. 1911, p. 946), having been once taxed as a part of the income of the year when received.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. § 9.*]

In Error to the District Court of the United States for the District of New Jersey; Joseph Cross, Judge.

Action by the Mutual Benefit Life Insurance Company against Herman C. H. Herold, Collector of Internal Revenue. Judgment for plaintiff, and defendant brings error. Affirmed.

For opinion below, see 198 Fed. 199.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

H. P. Lindabury, of Newark, N. J., and John B. Vreeland, of Morristown, N. J., for plaintiff in error.

John O. H. Pitney, of Newark, N. J., George Wharton Pepper, of Philadelphia, Pa., and John R. Hardin and David Kay, Jr., both of Newark, N. J., for defendant in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

PER CURIAM. Certain taxes for 1909 and 1910 were levied against the insurance company by two supplementary assessments under the act of 1909 (Act Aug. 5, 1909, c. 6, § 38 [U. S. Comp. St. Supp. 1911, p. 946]). The company paid under protest, and afterwards recovered judgment against the collector for practically the whole amount levied. Several questions were raised and decided below, but in this court only one question needs attention: Does the act tax the so-called "dividends" awarded annually to policy holders? The answer must be in the negative, unless such "dividends" form a part of the company's "net income * * * received by it * * * during such year." If they do not arise from income received during the tax year, but from income received during a previous year, Congress has not taxed them; or, perhaps, it is more correct to say Congress has not taxed them more than once. Concededly, they have been taxed once with the other net income of the particular year during which the company actually received them in cash. If, therefore, they are to be taxed more than once, it is well settled that the language imposing such an exceptional burden should be clear and unambiguous. But we need not discuss the subject; that duty has been performed by Judge Cross with such fullness and ability that we cannot do better than adopt his opinion. The case in the District Court is reported in 198 Fed. at page 199, and the discussion we refer to extends from page 200 to page 212, inclusive. But we do not adopt what is said on page 212 concerning dividends on full-paid participating policies, nor what is said on the same page concerning stock companies, not because we wish to suggest disapproval, but merely because no opinion about these matters is called for now, as they do not seem to be directly involved.

The judgment is affirmed.