EATON v. CONNECTICUT GENERAL LIFE INS. CO. SAME v. CON-
NECTICUT MUT. LIFE INS. CO. (Circuit Court of Appeals, Second Cir-
cuit. June 8, 1915.) Nos. 257, 258. In Error to the District Court of the Unit-
ed States for the District of Connecticut. Each of these causes comes here upon
appeal from a judgment of the District Court, District of Connecticut, in
favor of defendant in error who was plaintiff below. (D. C.) 218 Fed. 188,
206. The causes were tried by the court without a jury. F. A. Scott, U. S.
Atty., of Hartford, Conn., for plaintiff in error. L. F. Robinson, of Hartford,
Conn., for defendants in error. Before LACOMBE, COXE, and ROGERS,
Circuit Judges.

PER CURIAM. The controversies arose under the Corporation Excise Tax
Act of August 5, 1909, the action being brought to recover taxes that had been
collected under section 38 (Comp. St. 1913, § 6301), which sets forth how the
net income of insurance companies shall be ascertained for purposes of taxa-
tion. The precise question presented is whether certain sums of money are
"dividends" within the meaning of such section. In companies, conducted on
the mutual plan policies are issued providing for a definite yearly premium,
which is usually fixed somewhat above the amount required to insure safety.
When a certain time has passed, and it is found that a less sum may safely be
taken for a specific year, the premium for that year is reduced to the lower
sum, and the insured is allowed to invest the difference, if he care to do so, in
additional paid-up insurance without further medical examination. In com-
pany bookkeeping the premiums are frequently entered at their full amount
and the amounts of rebate are entered as "dividends." They are in no true
sense dividends, however they may be called, but are in fact partial abate-
ments of premium. It is unnecessary to discuss the points raised in argument.
The precise question was decided by Judge Cross in Mutual Benefit L. I.
Company v. Herold (D. C.) 198 Fed. 199, his decision was affirmed by the Court
of Appeals of the Third Circuit, 201 Fed. 918, 120 C. C. A. 256, and a writ of
certiorari to review the decision last cited was denied by the Supreme
Court. Comity calls for a like decision here, which, indeed, is fully in ac-
cord with our views of the merits of the controversy. The judgments are
affirmed.

---

In re FOX. (Circuit Court of Appeals, Second Circuit. June 26, 1915.)
Petition to Revise Order of the District Court of the United States for the
Eastern District of New York. See, also, 222 Fed. 135. Before LACOMBE,
WARD, and ROGERS, Circuit Judges.

PER CURIAM. Upon consideration of the application for a stay of all pro-
ceedings until next term, we think the creditors should not be thus precluded
from considering and putting through, if they can, any compromise which
will satisfy the majority of them. The motion is denied, and temporarily
stay vacated.

---

PORTER v. F. M. DAVIES & CO. (Circuit Court of Appeals, Eighth Cir-
cuit. March 11, 1915.) No. 4327. Appeal from the District Court of the
United States for the District of South Dakota. Frank McNulty, of Aber-
deen, S. D., and Howard Babcock, of Sisseton, S. D., for appellant. H. V.
Mercer, of Minneapolis, Minn., for appellee. Before ADAMS and CARLAND,
Circuit Judges, and AMIDON, District Judge.

PER CURIAM. Appeal dismissed, with costs, for want of jurisdiction, on
authority of opinion in Clement F. Porter, Jr., Receiver, etc., v. F. M. Davies
& Co. (No. 4314) 223 Fed. 465, decided March 11, 1915.