LUMBER MUT. FIRE INS. CO. v. MALLEY, Internal Revenue Collector.

(District Court, D. Massachusetts. December 29, 1916.)

No. 653.

1. INTERNAL REVENUE ⊝9—CORPORATION EXCISE TAX—MUTUAL INSURANCE COMPANIES—"INCOME RECEIVED WITHIN THE YEAR."
Only premiums actually received in cash during the year, and not premiums accruing or becoming due, but not paid, within the year, nor money previously received in payment of a premium, but applied within the year to pay a different premium, on a renewal policy, instead of the policy holder, on expiration of his policy, taking his expiration return premium, or dividend, in cash as he had a right to do, are "income received within the year" by a mutual insurance company within Excise Tax Act, § 38, cl. 2; an estimation on a "cash," as opposed to a "revenue," basis being contemplated by the act.

2. TRIAL ⊝145—ABANDONMENT OF PART OF CLAIM.
Plaintiff, in action to recover back part of excise tax assessed against it and paid under protest, abandoning at the hearing its claim as to a certain item, the court will rule that as to such item there was no illegal exaction.

3. INTERNAL REVENUE ⊝38—ILLEGAL EXACTION—RECOVERY OF SUCCESSOR IN OFFICE.
Part of excise tax illegally exacted and paid under protest to collector of internal revenue may be recovered of his successor in office.

At Law. Action by the Lumber Mutual Fire Insurance Company against John F. Malley, Collector of Internal Revenue. Judgment for plaintiff.

Choate, Hall & Stewart, of Boston, Mass., and Frederick H. Nash, of Boston, Mass., for plaintiff.

George W. Anderson, U. S. Atty., and James S. Allen, Asst. U. S. Atty., both of Boston, Mass., for defendant.

DODGE, Circuit Judge. In this suit against the collector of internal revenue, the plaintiff, a mutual insurance company incorporated under Massachusetts laws and doing business in Boston, seeks to recover back part of the franchise tax for the year 1909, assessed against it by the Commissioner of Internal Revenue and paid by it under protest to the defendant's predecessor in the office of collector. The questions pre-

sented involve the construction of provisions contained in section 38 of the act of Congress passed August 5, 1909 (36 Stat. 112–117), known as the federal excise tax statute.

The parties have waived trial by jury, and have submitted the case on an agreed statement of facts filed March 21, 1916, which is adopted as my finding of the facts involved.

[1] 1. The first question in dispute is as follows: In its return for 1909, as amended by it February 26, 1910, the plaintiff stated its total income from premiums received during the year at $232,575.08, being the total amount of such premiums only as were actually received by it during 1909 in cash. This included premiums on policies written before the year began, but not paid to it until after the beginning of the year. It does not include premiums on policies written during 1909, but not actually received in cash until after that year had ended, nor premiums on policies written during 1909, the premiums whereon were never received, because the policies were never taken by the insured. In the cases of premiums received, but in part returned during the year upon cancellation or modification of the policy, only the part retained is included. This item, with one other, representing the income from sources other than premiums, made up the total gross income returned.

The Commissioner of Internal Revenue, amending the return under the provisions of the fourth clause of section 38, added $106,056.18 to this item, thereby making it amount to $338,631.26, and making it include all premiums written in policies or renewals issued during 1909, whether collected during that year or not. The total of all such premiums was $385,802.05, but the Commissioner permitted the omission of all premiums written as above whose return was allowed during 1909, whether actually repaid during that year or not, until after its expiration; their total amount being $47,170.79.

In the $106,056 added by the Commissioner as above is included $104,787.72, the total amount of payments by credit of premiums written during 1909 in policies issued in renewal of policies expiring within 1909, but written before that year began. This was a mutual insurance company, and out of the premiums paid when such policies were issued each of the policy holders was entitled upon the expiration of his policy to an "expiration return premium" or "dividend." Instead of taking this in cash, as he might, if he renewed his policy, he took credit for it as part of the premium charged him on the renewal policy, and completed payment thereof by paying or promising the balance remaining due after such credit. The question here is whether or not the amounts of such credits, in the company's hands before 1909 began, are, because applied during that year in payment of premiums for policies written within the year, "income received within the year," in the sense intended by the second clause of section 38. Whether or not, irrespective of the year in which the amounts credited were received by the company, such "expiration return premiums" or "dividends," whether credited in renewal or paid in cash to the policy holder, are "sums other than dividends" deductible from net income under the fur-

ther provisions of said second clause, is a different question, further referred to below.

The Commissioner's ruling was, in effect, that said second clause required the inclusion in gross income of all premiums accrued or credited within 1909, whether actually paid the plaintiff company in cash within that year or not. In other words, he required a "revenue," instead of a "cash," basis for the accounting.

I regard the plaintiff's claim that only premiums actually received in cash during the year can properly be regarded as income for the purposes of said second clause as well founded. As to premiums accrued or becoming due, but not paid, within the year, and as to money previously received in payment of a premium, but applied within the year to pay a different premium, I rule that their inclusion as "income received within the year" is not required by said second clause.

The same question, in substance, was decided in the same way by the District Court in New Jersey in Herold v. Mutual, etc., Co., 198 Fed. 199, 214, 216, a decision affirmed on appeal 201 Fed. 918, 120 C. C. A. 256 (though the particular question was not discussed by the appellate court), and also by the District Court in Connecticut, Connecticut General, etc., Co. v. Eaton, 218 Fed. 188, 205, 206, and Connecticut Mutual, etc., Co. v. Eaton, 218 Fed. 206, 222, 223, decisions affirmed on appeal 223 Fed. 1022, 138 C. C. A. 663 (through again without discussion of the particular question by the appellate court). The reasoning of the District Court in each of the decisions referred to seems to me applicable here and to require a similar decision in the present case. A "cash" and not a "revenue" basis, for estimation of the income whereby the tax imposed is to be admeasured, seems to me the basis contemplated by the statute. It may be noticed that in providing by the act of October 3, 1913 (38 Stat. 114, 166, c. 16), for the taxation of the incomes of individuals and corporations, Congress expressly subjected to taxation "the entire net income arising or accruing from all sources in the preceding calendar year" (38 Stat. 166, 172), which is language better adapted to bear such a construction as is here contended for by the internal revenue authorities than is the language of the statute governing this case.

I rule that to the amount of $1,060.56, being 1 per cent. upon the sum added to gross income by the Commissioner as above, the tax paid by the plaintiff was illegally exacted, and that it is entitled to recover said amount from the defendant.

2. A further question presented by the pleadings is whether or not the Commissioner's action in further amending the plaintiff's return by disallowance of a claimed deduction amounting to $10,083.09 was justifiable under the act. The increase of tax resulting therefrom was $100.83.

The amount of the deduction claimed and disallowed as above consisted of payments made by the plaintiff during 1909, to holders of its expired policies who, instead of renewing them upon the terms above explained, took from it the amounts of "expiration return premium" or "dividend" in cash. The Commissioner held that such payments by

the company were not of "sums other than dividends" within the meaning of the second clause of section 38.

[2] The plaintiff abandoned at the hearing the claim as to this item asserted in its declaration, and conceded that the above amount of $10,-083.09 should not be deducted, although authority for its deduction is to be found in the decisions I have referred to above. I therefore rule, in this case, that there was no illegal exaction of the $100.83 involved in said deduction.

[3] There is no dispute that the plaintiff has put itself into the position required by the act to permit its recovery of whatever the court may adjudge to be due it. I rule that the defendant is liable for the above illegally exacted tax, though it was not paid to him, but to his predecessor in the same office, in this respect following the expressed opinion of both counsel.

I find, therefore, in the plaintiff's favor for the sum of $1,060.56, with interest from March 14, 1913, the date of its payment, and judgment, when entered, will be entered accordingly.