LUMBER MUT. FIRE INS. CO. v. MALLEY, Internal Revenue Collector.

(District Court, D. Massachusetts. December 29, 1916.)

No. 650.

INTERNAL REVENUE ⬤⇒9—CORPORATION EXCISE TAX—MUTUAL INSURANCE COMPANIES—"INCOME RECEIVED WITHIN THE YEAR."

Increase or decrease in book value of bonds held by a mutual insurance company as investment does not affect "income received within the year," within Excise Tax Act, § 38, cl. 2.

At Law. Action by the Lumber Mutual Fire Insurance Company against John F. Malley, Collector of Internal Revenue. Judgment for plaintiff.

Choate, Hall & Stewart, of Boston, Mass., and Frederick H. Nash, of Boston, Mass., for plaintiff.

Geo. W. Anderson, U. S. Atty., and James S. Allen, Asst. U. S. Atty., both of Boston, Mass., for defendant.

DODGE, Circuit Judge. 3. A further item of addition made by the Commissioner to the plaintiff's gross income as returned by it is in dispute in this case, and presents a question not raised in No. 653, 256 Fed. 380, relating to its income for 1909, nor in No. 652, relating to its income for 1910.

The plaintiff claims $142.95, being the tax paid by it on $14,294.61, added by the Commissioner to the amount of income from all sources other than premiums included by it in returning its gross income.

On the plaintiff's books this appeared as the net increase in value of bonds held by it as investments of its funds; the gross increase appearing as $14,884.83, offset by a gross decrease in value of $590.22. Said increase and decrease were calculated by the plaintiff according

to an "amortization" plan, adopted by it for the first time in 1911. On bonds which had cost it less than par the book value was to be proportionally increased in each year, so as to amount to par at maturity; and on bonds for which a premium had been paid there was to be a proportionate decrease in book value, so that they should stand at par at maturity. Said increase or decrease were in no case based upon any sale or disposal of any of the bonds involved.

I am unable to believe, either that such increases in book values can be income received within the year, or that their excess over such decreases can be income received within the year, in the sense of the second clause of section 38 of the act here in question. Act Aug. 5, 1909, c. 6, 36 Stat. 113. Nor can I believe that such decreases in value are either expenses paid in maintenance and operation, or losses sustained within the year, including depreciation of property, in the sense of said clause. As I have held in No. 653, the act contemplates an estimation of income and of deductions therefrom upon a "cash," as opposed to a "revenue," basis, except where the language used distinctly indicates otherwise. In my opinion, appreciation in value of securities thus held does not become income until it is received by realization. If such appreciation cannot increase income for the purposes of the act, there is no ground for allowing such depreciation to decrease the remaining income. The depreciation here in question is not claimed to be a "reasonable allowance for depreciation of property," and therefore a deduction to which the plaintiff is entitled.

I therefore rule that to said amount of $142.95 the tax for 1911 paid by the plaintiff was illegally exacted, and that it is entitled to recover the same from the defendant.