## BREWER, Internal Revenue Collector, v. ORR.

Circuit Court of Appeals, Sixth Circuit.
May 12, 1927.

No. 4678.

1. Internal revenue ⬳7(19)—Losses occurring in trade or business, deductible in computing net income, are only losses actually realized (Revenue Act 1918, § 214a, subd. 4 [Comp. St. § 6336⅛g]).

Losses occurring in trade or business, which are deductible as such under Revenue Act 1918, § 214a, subd. 4 (Comp. St. § 6336⅛g), in computing net income, are only such losses as have been realized.

2. Internal revenue ⬳7(17)—One purchasing partners' interest, with bonus for good will, is entitled, on subsequent sale of one-third interest, without payment for good will, to deduct only proportionate share in determining income tax (Revenue Act 1918, § 214a, subd. 4 [Comp. St. § 6336⅛g]).

Where partner, after purchasing interest of copartners amounting to 65 per cent. and paying them a bonus, which was carried on books as good will, subsequently sold a one-third interest, without receiving anything for good will, he is entitled, in determining income tax under Revenue Act 1918, § 214a, subd. 4 (Comp. St. § 6336⅛g), to deduct only one-third of amount allowed original partners, in absence of showing of value of 35 per cent. on March 1, 1913.

In Error to the District Court of the United States for the Middle District of Tennessee; John J. Gore, Judge.

Suit by Robert Orr, Jr., against L. P. Brewer, Collector of Internal Revenue. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Frederick W. Dewart, Sp. Atty., of Washington, D. C. (A. V. McLane, U. S. Atty., and Milton Davenport, Asst. U. S. Atty., both of Nashville, Tenn., and A. W. Gregg, Gen. Counsel, of Washington, D. C., on the brief), for plaintiff in error.

R. Boyte C. Howell, of Nashville, Tenn., for defendant in error.

Before DENISON and MOORMAN, Circuit Judges, and KILLITS, District Judge.

PER CURIAM. Prior to March 1, 1913, defendant in error became one of three partners in a wholesale grocery business in Nashville, Tenn., operating under the firm name of Orr, Mizell & Murrey. On September 1, 1919, he purchased the interests of his copartners therein (65 per cent. of the whole), paying them, in addition to the inventory value thereof, a bonus of $20,500, which was thereafter carried on the books of his company as good will. Mizell and Murrey immediately established a competing business, representing to their former customers that they were in fact the old firm. One year later Orr sold to Walton Cunningham an undivided one-third interest in the entire business, consisting of merchandise, accounts, fixtures, and all other assets of the company. Cunningham refused to pay anything for good will. In his income tax return for 1920, Orr claimed a loss of $20,500 in good will. The claim was disallowed, and, after paying his taxes for that year, Orr brought this suit to recover the taxes he had paid as a result of the disallowance of that item. The case was tried by agreement before the court without a jury.

Seasonable requests by the government for findings of fact were not made, and the exceptions which it filed to those made by the court are not sufficient to raise any question as to their correctness. The findings were substantially the same as the facts averred in the declaration. Under the assignments of error, the question presented to us is whether the facts found by the lower court warranted a judgment against the government in an amount representing the difference between taxes paid by plaintiff for the year 1920 and what he would have paid, had he been allowed as a loss the $20,500 which he paid to his former partners.

[1, 2] Profits and losses from the sale of good will are concededly taken into account in the assessment of income taxes. Section 214a, subd. 4, of the Revenue Act of 1918 (Comp. St. § 6336⅛g), provides that, in computing net income, there shall be allowed as deductions "losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business." It is, we think, indisputable that losses occurring in trade or business, which are deductible as such in computing net income, are only such losses as have been realized. If plaintiff had sold at a profit a one-third interest in the good will he purchased from his former partners, he could not have been charged as income with the increase in the book value of the entire good will, but only with the profit derived from that part which he sold. Good will may fluctuate in value, and there is no way of arriving at losses or profits thereon for income purposes, except by comparison of sale receipts with cost, or with the value as of March 1, 1913, if it was acquired prior to that date.

Plaintiff contends that the sale of September 1, 1920, demonstrated that the good will of the firm had been wholly lost or destroyed during the tax year, and for that reason he was entitled to deduct the value of the

whole of it from income. Upon that theory it is difficult to see why the claim of loss was limited to 65 per cent. of the whole, excluding whatever might have been the value of the 35 per cent. as of March 1, 1913. Accepting the finding of the trial court that there was a sale and transfer of one-third of the good will on September 1, 1920, and nothing appearing to indicate what the 35 per cent. was worth March 1, 1913, it is clear, we think, under the principles announced in Fire Insurance Co. v. Malley (D. C.) 256 F. 383, Fink v. Mutual Life Insurance Co. (C. C. A.) 267 F. 968, Miles v. Safe Deposit Co., 259 U. S. 247, 42 S. Ct. 483, 66 L. Ed. 923, and New York Insurance Co. v. Edwards, 271 U. S. 109, 46 S. Ct. 436, 70 L. Ed. 859, that plaintiff's deductible loss on this account was one-third of the $20,500. What amount he should recover because of such allowance is not ascertainable from this record, since it contains no report of his tax return for the year in question.

The judgment is reversed, and the cause remanded, for further proceedings consistent with this opinion.