SEIBERLING v. COMMISSIONER OF INTERNAL REVENUE.

No. 5355.

Circuit Court of Appeals, Sixth Circuit.
March 14, 1930.

Earle W. Wallick, of Washington, D. C. (David J. Shorb and Ben Jenkins, both of Washington, D. C., on the brief), for petitioner.

Helen R. Carloss, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, C. M. Charest, and John G. Harlan, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, MACK, and HICKS, Circuit Judges.

MOORMAN, Circuit Judge.

The petitioner owned a large block of stock in the Goodyear Tire & Rubber Company, of which he was a vice president. In the latter part of 1920 he loaned to other employees of that company a part of this stock, taking receipts therefor in the following

811

form: "Received of C. W. Seiberling as a loan the following certificates of common stock of The Goodyear Tire and Rubber Company * * * to be used as additional collateral for my loan at * * *. Said certificates to be returned to said C. W. Seiberling when loan has been paid." The stock was used by the borrowers as collateral on loans. At the end of 1920 the stock loaned to Zeigler was sold by the pledgee and the proceeds applied to Zeigler's debt. Some of the other stock was sold for like purposes after 1920, and some of it, so far as the record shows, is still held in pledge. In no case has petitioner received the return of his stock or payment therefor. In his income tax return for 1920, he claimed a loss of all this stock. The Commissioner allowed the claim as to the Zeigler loan, but held that no loss had been sustained on the others, and this holding was sustained by the Board of Tax Appeals.

The transactions were in the nature of loans for a specific purpose from which there arose obligations to repay in kind or, upon failure so to do, to pay the value. They do not fall within subsection 4 of section 214 (a) of the Act of 1918 (chapter 18, 40 Stat. 1067) for the reason, if for no other, that they were not made "in trade or business." And this is true notwithstanding the petitioner, as an owner of Goodyear stock, was interested in maintaining its market price. They were loans made for the accommodation of the borrowers, against whom the obligations still exist. Furthermore, before one is entitled to a deduction under this provision of the statute, as also under the "bad debt" provision (subsection 7, section 214(a), the loss must have been "sustained," Brewer v. Orr, 19 F.(2d) 230 (6 C. C. A.); United States v. White, 274 U. S. 398, 47 S. Ct. 598, 71 L. Ed. 1120, and there was no showing that any loss was sustained on the stock which was not sold.

The Commissioner allowed a loss on the Zeigler stock of its base value, which he fixed at $8.08 a share. This finding of value was sustained by the Board. The petitioner complains of it, contending that the true value was $12.1733 a share. The evidence does not show when this stock was acquired, what it cost, or, if it was acquired before March 1, 1913, its value of that date. The burden was upon petitioner to establish his loss. His proofs on that point consisted of evidence of widely ranging prices paid for stock in this company over a period of ten years. This evidence quite as substantially sustains the value fixed by the Commissioner

as that sought to be established by the petitioner.

The order of the Board is accordingly affirmed.