

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

~~WILL WILSON~~
ATTORNEY GENERAL

Honorable Walter C. Woodward, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-2265
Re:   Construction of Article 4769,
      Revised Civil Statutes of
      Texas, 1925.

This will acknowledge receipt of your letter of April 18, 1940, in which you seek the opinion of this Department on the questions therein presented. We deem it essential to set out your letter in full except for the following parts thereof. It is:

"Mutual life insurance companies generally, and certain stock life insurance companies, issue in this and in other state policy contracts providing for a participation on the part of the insured in the profits of the company. The participation provided is usually in the form of dividends as apportioned and declard by the Board of Directors of the company from the profits of the business. The usual dividend provisions contained in policy contracts grant four options to the insured for the disposition of such dividends to which he may become entitled. These are (1) payable to the insured in cash, (2) applied to pay renewal premiums under the contract, (3) used to purchase additional insurance at net premium rates, and (4) left with the company to accumulate at interest.

"Foreign life insurance companies operating in the State of Texas are taxed on their gross premium receipts in accordance with the provisions of Article 4769, Chapter 4, Title 78, Revised Civil Statutes of 1925, as amended by House Bill 8, Chapter 495, Article IV, 3rd Called Session, Forty-fourth Legislature, 1936, as amended Acts 1937 Forty-fifth Legislature, House Bill 441. Article 4769 provides in part 'Each life insurance company not organized under the laws of this State, transacting business in this State, shall annually, on or before the 1st day of March, make a report to the Commissioner, which report shall be sworn to by either the president or vice president and secretary or treasurer of such company, which shall show the g ross amount of premiums collected during the year ending on December 31st, preceding, from citizens of

this State upon policies of insurance. Some years ago this Department interpreted 'gross amount of premiums collected' to mean the total amount of premiums specified in the policy contract, without deduction for any dividends paid or applied, and attempted to collect taxes on dividends applied under the third option referred to above.

"The State Life Insurance Company of Indiana instituted a suit against R. L. Daniel, Commissioner of Insurance of the State of Texas, to recover certain taxes it had paid under protest, and in a decision rendered by the District Court of the United States for the Western District of Texas, Austin Division, on June 15, 1936, adjudged that the State Life Insurance Company was entitled to a refund of the taxes it had paid under protest, together with interest.

"In the Plaintiff's Second Amended Original Petition it was stated 'Plaintiff alleges that the sole issue in this case is whether a dividend pursuant to a request theretofore made, which is automatically converted into additional insurance under the dividend option of the respective policies issued to policy-holders, residents of the State of Texas, which acts of conversion take place in the State of Indiana, and are not moneys collected from citizens of Texas, are the lawful subject-matter of the aforesaid Texas Statutes imposing a tax upon 'the gross amount of premiums collected' from citizens of Texas.

"Following this decision it was the then opinion of this Department that all dividends paid by such companies were thereafter deductible from taxable income. Inasmuch as the decision rendered was apparently based upon the Plaintiff's Second Amended Original Petition and upon the agreement as to certain facts, we are now questioning the interpretation which we have heretofore made, and inasmuch as a considerable amount of money is involved this matter is being submitted to you for your consideration. In the event that we allow as deduction form taxable income only those dividends applied to purchase additional insurance there will, undoubtedly, ensue law suits from various companies. If we allow as a deduction all dividends paid we may be granting a deduction not contemplated by our law, and the State of Texas therefore would necessarily be losing certain taxes to which it is entitled.

" We are enclosing copies of the Plaintiff's Second Amended Original Petition in the case of State Life Insurance Company vs. R. L. Daniel, the agreement as to certain facts in the same case, and judgment as rendered by the court. We are also enclosing a copy of a memorandum furnished us by the General Counsel for the Prudential Insurance Company of America,

and your opinion is respectfully requested as to whether or not, first, dividends payable in cash; second, applied to pay renewal premiums, and; third, left with the company at interest, should be allowed as a deduction from taxable premium income."

Article 4769 of the Revised Civil Statutes of Texas, 1925, levies a tax upon foreign life insurance companies doing business in Texas. The pertinent parts of said Article are:

"Each life insurance company not organized under the laws of this State, transacting business in this State, shall annually, on or before the 1st day of March, make a report to the Commissioner, which report shall be sworn to by either the president or vice president and secretary or treasurer of such company, which shall show the gross amount of premiums collected during the year ending on December 31st, preceding, from citizens of this State upon policies of insurance. . . . ." (Underscoring ours.)

The above Article was last amended by Acts of 1937, 45th Legislature, p. 525, Ch. 258, para. 1b.

Article 7064 of the Revised Civil Statutes of 1925 found in Chapter 2, Title 122, dealing with taxes based upon gross receipts, levies a tax upon insurance companies other than life companies. The pertinent parts are:

"Every insurance corporation, Lloyd's, or reciprocals, and any other organization or concern transacting the business of fire, marine, marine inland, accident credit, title livestock, fidelity, guaranty, surety, casualty, or any other kind or character, or insurance business other than the business of life insurance, and other fraternal benefit associations, within this State at the time of filing its annual statement, shall report to the Board of Insurance Commissioners the gross amount of premiums received upon property located in this State or on risks located in this State or on risks located in this State during the preceding year, and each of such insurance carriers shall pay an annual tax upon such gross premium receipts as follows:  shall pay a tax of three and twenty-five one hundredths (3.25) per cent, provided, that any such insurance carriers doing two (2) or more kinds of insurance business herein referred to shall pay the tax herein levied upon its gross premiums received from each of said kinds of business;  and the gross premiums receipts where referred to in this law shall be the total gross amount of premiums received on each and every kind of insurance or risk written, execpt premiums received from other licensed companies for reinsurance, less return premiums and dividends paid policyholders, but there shall be no deduction for premiums paid for reinsurance. . ." (Underscoring ours)

This Article was likewise amended by Acts of 1937, supra. It was again amended by House Bill 556, Acts 1939, 46th Legislature, in a respect with which we are not here concerned.

Article 7064a of the Revised Civil Statutes of Texas levies a tax upon domestic life insurance companies, societies, and associations. It was likewise amended by Acts of 1937, supra, and again by House Bill 556, supra. We are not here concerned with the latter amendment.

A review of the above mentioned statutes as they appear in Vernon's Annotated Statutes reflects this situation: Article 7064 refers to and fully defines "gross premiums." Articles 7064a and 4769 refer to gross premiums, but do not attempt to define the same.

House Bill 441, Acts of 1937, 45th Legislature, p. 525, Ch. 258, above referred to, is a comprehensive act designed to clarify the Articles levying taxes against insurance companies. Section 1 thereof amends Article 7064. Section 1a repeals an existing statute with which we are not here concerned. Section 1b amends Article 7064a. Section 1c amends Article 4769.

Section 1b, amending Article 7064, contains the language "... and the gross receipts where referred to in this law shall be the total gross amount of premiums received on each and every kind of insurance or risk written. . . less return premiums and dividends paid policy-holders...." (Underscoring ours).

We believe that the words "in this law" contained in the above definition would necessarily make such definition applicable not only to Section 1, but to Sections 1b and 1c as well. This being true, Articles 7064a and 4769 should be so construed as to contain the same definition as now appears in Article 7064.

There are many decisions in other jurisdictions tending to support the proposition that even in the absence of definition by the Legislature, the term "gross premiums" would be construed so as to exclude premiums returned to policyholders in the form of dividends. See State v. Wilson, 172 Pac. 41 (Sup. Ct. Kan.) and Penn Mutual v. Insurance Commissioner, 70 So. 452 (Sup. Ct. Miss.) Havin construed the above Article so as to include such definition, it is however, unnecessary to rely upon these authorities.

We have likewise carefully considered the pleadings and judgment in the case of the State Life Insurance Co. v. R. L. Daniels, Commissioner of Insurance of the State of Texas, et al, Cause No. 1359 at law, tried in the District Court of the United States for the Western District of Texas, Austin Division. Article 4769 was here involved and the court concluded that the company had the right to deduct from their gross premiums dividends which were automatically converted into additional insurance by virtue of an option in favor of the policyholders. The

specific questions submitted by you were not directly before the court in this case, but we can conceive of no difference between a policyholder converting his dividends into additional insurance and from using the same to pay renewal premiums, accepting the same in cash, or loaning such dividends to the company at interest.

For all the reasons herein given, it is our opinion that all your questions should be answered in the affirmative to the effect that dividends, whether payable in cash, applied to renewal premiums, used to purchase additional insurance, or loaned to the company at interest should be allowed as deductions form taxable premium income.

All papers in connection with the State Life Insurance Company case, submitted with your request, are returned herewith.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By   s/Lloyd Armstrong
                 Assistant

LA:BBB:wc

ENCLOSURES

APPROVED MAY 21, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By RWF Chairman