## JOHN C. DOUGLASS v. D. R. ANTHONY.

1. NEW TRIAL—*Motion Filed Too Late.* Where a motion for a new trial is filed in the district court four days after the verdict of the jury was rendered, without any showing being made that the party filing the same was unavoidably prevented from filing it sooner, no ground for the new trial except that of newly-discovered evidence can be considered ; and this, although the action is one of forcible entry and detainer, commenced in a justice's court and certified by the justice to the district court.

2. NEWLY-DISCOVERED EVIDENCE, *Cumulative.* On a motion for a new trial on the ground of newly-discovered evidence, where the newly-discovered evidence is merely cumulative, and the trial court overrules the motion, and there is sufficient evidence to sustain the verdict, *held,* that the supreme court cannot say that there was any material error in the ruling.

*Error from Leavenworth District Court.*

THE opinion states the case.

*John C. Douglass,* plaintiff in error, for himself.
*Lucien Baker,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of forcible entry and detainer, commenced by John C. Douglass on July 16, 1884, before a justice of the peace of Leavenworth county, against D. R. Anthony, to recover the possession of lots numbers 9, 10 and 11, in block 17, in Leavenworth city proper. The defendant filed an affidavit with the justice of the peace showing that the title to the property in controversy was in dispute, and the justice certified the case to the district court, where two trials were had before the court and a jury, each resulting in a verdict. The first verdict was rendered in September, 1885, and gave one lot to the plaintiff and two lots to the defendant; but both parties being dissatisfied, the verdict was set aside and a new trial granted. The second verdict was rendered April 27, 1886, and gave all the property to the defendant, and judgment was rendered accordingly; and the plaintiff, as plaintiff in error, brings the case to this court for review.

One of the questions litigated in the court below was whether the plaintiff's cause of action, if he ever had any, was not barred by the two years' statute of limitations. (Civil Code, § 16, subdiv. 5.) On the last trial, and probably on the first, evidence was introduced showing that the defendant had taken the possession of the property more than two years before the commencement of the action, and the jury on the last trial not only found generally in favor of the defendant and against the plaintiff, but also found specifically that the defendant had taken the possession of the property more than two years before the commencement of the action. The verdict was rendered and the findings made on April 27, 1886, and four days thereafter the defendant filed a motion for a new trial, including various grounds; but as no showing was made that he was unavoidably prevented from filing it sooner, (Civil Code, § 308,) the only ground for the new trial considered by the court was the one of newly-discovered evidence. Upon the hearing of this motion a vast amount of

evidence was introduced on both sides, but it was all, so far as it was material, merely cumulative, tending to show on the one side that the defendant had taken the possession of the property prior to July 16, 1882; and on the other side, that he had not taken the possession of the property until after that time. The court overruled the motion, and we cannot now say that such ruling was erroneous. Even if all the evidence that the plaintiff introduced on the hearing of the motion had been introduced on the trial, the verdict of the jury might have been, and perhaps would have been, precisely the same as it was, and for the defendant; and then if it had been sustained by the trial court, as the verdict as rendered was actually sustained by the trial court, after the trial court had heard all the evidence that was introduced on both the trial and the motion, we could not grant a new trial. The plaintiff claims that he was misled and deceived by the manner in which the case was conducted and tried on the part of the defendant; but we do not think that the record discloses anything from which he should have been misled or deceived, and certainly not to an extent that would authorize him to obtain a new trial. What the pleadings were, except the plaintiff's complaint, is not shown. It would seem, however, from the trial of the case that the principal question involved in the case was this: When did the defendant first take the possession of the property in controversy? Was it more or less than two years before the commencement of this action? Was it before July 16, 1882, or not? On the trial the court stated the question thus: "I suppose the crucial question is, when he (the defendant) took possession, and that depends upon what he did." What the evidence was on the first trial is not shown, and why the plaintiff did not file his motion for a new trial within three days after the rendering of the verdict, is not shown; and certainly, upon the record as brought to this court, we cannot say that any material error was committed by the trial court.

The judgment of the court below will be affirmed.

All the Justices concurring.