FERGUSON-MCKINNEY DRY GOODS COMPANY v. A. F. GREAR *et ux.*

No. 15,107. (90 Pac. 770.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Appellate Jurisdiction.* A district court on the trial of an action appealed from an inferior court has such jurisdiction only as had the court from which the appeal was taken.

2. CONTRACTS—*Fraud—Silence.* One party to a sale or deal is under no legal obligation to communicate to the other all the facts within his knowledge which may influence the transaction. He may not deceive, mislead or prevent investigation. He may be silent and be safe.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed June 8, 1907. Affirmed.

STATEMENT.

THE plaintiff is a wholesale mercantile corporation of St. Louis, Mo., and the defendants were, prior to the great flood of 1903, copartners in a retail business in North Topeka, Kan. The flood invaded their store and, it is claimed, destroyed or injured a large portion

of their stock of goods and utterly destroyed their books of account, and by reason thereof they had no record of their indebtedness, nor to whom owing. There is also evidence that before the flood the defendants were solvent but thereafter their indebtedness was greater than the amount of their assets. Soon after the flood the defendants attempted to effect compromise settlements with their creditors severally, and with a number effected such settlements. The plaintiff having presented an account for $166.76, one of the defendants went to St. Louis and attempted, without success, to settle for a smaller sum. Thereafter the plaintiff pressed its claim for the full amount of the account and finally threatened suit by letter. This letter the defendants referred to their attorney, who wrote to the plaintiff in answer that defendants were attempting to settle all their indebtedness, and were being assisted by Mr. Abram Troup, and others, who to protect themselves were buying claims of creditors and having the same assigned to them, and asked to have a written assignment, which was enclosed in the letter, executed by plaintiff, attached to a sight draft and returned to Topeka to be delivered to Mr. Troup on payment of $166.76. This was accordingly done, and Mr. Troup paid the amount specified. The assignment is as follows:

"ST. LOUIS, Mo., October 30, 1903.
"For value received we hereby sell, assign, transfer and set over to Abram Troup all our right, title and interest in and to any and all claims we may have against the Spear Company of North Topeka, Kan.
FERGUSON-MCKINNEY DRY GOODS CO.,
ALEX. M. BOGY, *Sec'y*."

Thereafter the plaintiff presented another account to the defendants for $268.25, for goods claimed to have been sold to them before the flood, and payment thereof being refused it brought suit thereon in the city court of Topeka and obtained judgment for the amount claimed. The defendants appealed to the dis-

trict court, and the case was therein tried to a jury, who in addition to a general verdict for the defendants returned the following special findings:

"(1) Ques. Is it not a fact that when plaintiff executed the assignment to A. Troup it did not intend it to cover any other than the account of $166.76? Ans. Yes; in settlement of all claims.

"(2) Q. Is it not a fact that at all times the plaintiff refused to accept anything less than the full sum of $166.76 in settlement of its account of that amount, and did not the defendants and J. J. Schenck know that to be true when the assignment was procured? A. Yes.

"(3) Q. Is it not true that J. J. Schenck prepared said assignment and forwarded it to plaintiff's collector, and that plaintiff executed it as prepared by Mr. Schenck? A. Yes.

"(4) Q. Is it not true that Mr. Schenck acted for Mr. Troup as his agent and attorney in the procurement of this assignment? A. No.

"(5) Q. Is it not true that the defendants and Mr. Schenck knew at the time this assignment was procured that plaintiff intended it to cover the account of $166.76, and that account alone? A. No; to cover all claims.

"(6) Q. Is it not true that Troup paid for said assignment under an agreement he had with the defendants that they would reimburse him for the amount he paid? A. No.

"(7) Q. Is it not true that Troup was not purchasing this account for profit to himself, but simply as an accommodation for the defendants, and for the benefit of the defendants, and under an agreement with the defendants that they would repay him any money that he paid for the account? A. Yes, but not under any agreement.

"(8) Q. Is it not true that defendants have repaid to Troup the exact sum that he paid for said assignment, together with interest thereon, and no more, and that Troup had no claim against the defendants on account of said assignment after being paid therefor? A. The evidence showed that they paid more."

Thereupon, on March 24, 1906, the court rendered judgment against the plaintiff for costs. On March 26, 1906, the plaintiff filed its motions for judgment on

the special findings and for a new trial, respectively, which being denied it brings the case here.

*George E. Stoker,* for plaintiff in error.

*J. J. Schenck,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: This action was commenced in the city court of Topeka by the plaintiff filing an ordinary bill of particulars, with a verified copy of the account sued on attached. The defendants filed no bill of particulars or answer therein. After the appeal to the district court the defendants filed an answer, in which they did not dispute the account but did assert that the plaintiff was not the owner thereof, and set up the written assignment from plaintiff to Abram Troup. In other words, they answered that the plaintiff had for a valuable consideration sold, and, in writing, had assigned, the account to Troup and they had paid the same to Troup.

In reply the plaintiff admitted the execution of the assignment and the receipt of $166.76 therefor, but alleged that it had, at the time of assignment, two accounts against the defendants, one for $166.76 and the one sued on, for $268.25, the latter being an account which it did not know of at the time of the assignment and did not intend to include therein; that in fact Troup by the assignment acquired no interest in either of the accounts, but in the transaction was acting for the defendants, who really paid the $166.76.

It will thus be observed that no fraud, concealment or deception in the making or procurement of the contract is claimed. On the other hand, the defense to the assignment is that the plaintiff was mistaken as to what claims it had which would be embraced in the language of the assignment, viz.: "all our right, title and interest in and to any and all claims we may have against the Spear Company of North Topeka, Kan." It is not suggested in defendants' brief, but it occurs to

us that this is an equitable defense, if any defense; that the facts stated in the reply entitled the plaintiff to a reformation of the contract, if such facts entitled it to any relief. But the court of Topeka has the same jurisdiction as a justice court, which has no equitable power, and the district court on appeal has only such jurisdiction as has the court from which the appeal is taken. If this be true, the court rendered the only judgment within its power—a judgment against the plaintiff for costs.

Be this as it may, we find no reversible error in the proceedings. The first and second assignments of error relate to the refusal to give instructions requested. Each of the requests is based upon an assumption of fact which is negatived by a special finding of the jury, and such finding is supported by some evidence. Hence the requested instructions, if correct and if allowed, would have become immaterial.

The third and fourth requests for instructions did not contain correct statements of the law. One party to a trade or deal is under no legal obligation to communicate all the facts within his knowledge which may influence the deal. He may not deceive, mislead or prevent investigation; he may, however, be silent and be safe.

The sixth and seventh assignments of error relate to the overruling of objections to evidence of defendants' insolvency. The plaintiff had set up that Troup in procuring the assignment acted as the agent of the defendants—that the assignment was really a settlement by the defendants of their indebtedness by part payment. In response to this the defendants, by the evidence objected to, sought to show that they were really insolvent and that a settlement by part payment under such conditions would not be without a consideration. If there was anything within the jurisdiction of the court and under the pleadings as they were to try, and we are inclined to think there was not, this evidence was proper.

Other assignments of error are made which we do not deem it necessary to discuss. The judgment is affirmed.