No. 29,963.

E. H. Duncan, *Appellant*, v. C. J. Rider, *Appellee*.

(299 Pac. 591.)

Opinion filed June 6, 1931.

*W. L. Cunningham, D. Arthur Walker, Fred G. Leach* and *William E. Cunningham*, all of Arkansas City, for the appellant.

*James A. McDermott* and *Richard B. McDermott*, both of Winfield, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: But one question is involved in this appeal and that is, as stated by the appellant: Does the district court in the trial of a case appealed from a court of a justice of the peace have jurisdiction to hear and determine a motion for a new trial more than five days after the rendition of the verdict in the district court?

The justice code provides:

"The justice before whom a cause has been tried, on motion of the party aggrieved, at any time within five days after the decision or verdict, shall vacate the decision or verdict and grant a new trial, for the same reasons and upon the same terms and conditions as provided in the code of civil procedure in like causes." (R. S. 61-831.)

It is the contention of appellant that the district court on an appeal from justice court sits as a justice court and has no power

to entertain or consider a motion for a new trial at a time more than five days after the verdict has been rendered; that no right was gained by either party by the appeal to the district court; that the district court could, on appeal, do what the justice could have done and no more. Appellant cites many cases in support of this contention, but a careful examination of them compels the conclusion that they relate to the question of jurisdiction only. In the case of *Dry Goods Co. v. Grear,* 76 Kan. 164, 90 Pac. 770, it was said:

"A district court on the trial of an action appealed from an inferior court has such jurisdiction only as had the court from which the appeal was taken." (Syl. ¶ 1.)

This case had reference to the amount involved in the action. This decision followed that in the case of *Wagstaff v. Challiss,* 31 Kan. 212, 1 Pac. 631, where the set-off was more than $300. A similar ruling was had in the case of *Milling Co. v. Stevens,* 94 Kan. 745, 147 Pac. 815, where the element of fraud and misrepresentation was attempted to be injected.

Of course the statute above quoted limits the time within which the justice of the peace can entertain or grant a motion for a new trial, as has been held in *Kerner v. Petigo,* 25 Kan. 652; *Bishop v. Foley,* 103 Kan. 190, 173 Pac. 289; and *Hallacy v. White,* 106 Kan. 504, 188 Pac. 423.

In the case at bar, after the appeal to the district court, a trial was had which resulted in the rendition of a verdict for the plaintiff on April 8, 1930. On the 10th of April, 1930, defendant filed a motion for a new trial, which was not heard until June 2, 1930, which was fifty-five days after the verdict had been rendered. In the meantime the plaintiff filed a written objection to the hearing of the motion for a new trial because it had not been heard within the five-day limit prescribed by statute. The court overruled this objection and sustained the motion granting the defendant a new trial, from which the plaintiff appealed.

The hearing and granting a motion for new trial is not a jurisdictional matter, but is merely a matter of procedure. The jurisdiction must always remain as it was in the justice court, but the mode of procedure may differ, and in fact it does differ in many respects in the two courts. The case stands for trial in not to exceed eight days after being docketed in justice court, but any time after ten days on issues of fact in district court. The number of

jurors and the method of selecting them is different. Special questions may be asked the jury in one court but not in the other. In one court appeal is taken by filing an appeal bond without notice, in the other by giving notice without any bond. The time of hearing the motion for new trial and granting or refusing to grant it has no element or feature of jurisdiction in it.

In the case of *Samuels v. Greenspan,* 9 Kan. App. 140, 58 Pac. 482, it was held:

"When a case is taken on appeal from a justice of the peace to the district court, it is to be tried in the latter court according to the rules of practice therein, and not as if it were being tried before a justice of the peace." (Syl. ¶ 3.)

And in the opinion it was said:

"When a case is taken on appeal to a higher court the appellate court has only the jurisdiction of the court from which the case comes, but the mode of procedure is that of the court in which it is being tried." (p. 143.)

R. S. 60-3003 requires that a motion for new trial must be filed within three days after the verdict is rendered in the district court. In the trial of the case of *Douglass v. Anthony,* 45 Kan. 439, 25 Pac. 853, which was a forcible entry and detainer action appealed to the district court from the justice court, the motion for a new trial was filed four days after the rendition of the verdict and it was held that the three-day rule of the district court applied and not the five-day rule of R. S. 61-831 of the justice court.

"Where a motion for a new trial is filed in district court four days after the verdict of the jury was rendered, without any showing being made that the party filing the same was unavoidably prevented from filing it sooner, no ground for the new trial except that of newly discovered evidence can be considered; and this, although the action is one of forcible entry and detainer, commenced in a justice's court and certified by the justice to the district court." (Syl. ¶ 1.)

We conclude that the time of hearing and determining the motion for a new trial in the district court is not limited to five days as it is in justice court, even in a case appealed from the justice court, and there was no error in this case in the trial court granting a new trial fifty-five days after the verdict was rendered.

The judgment is affirmed.