No. 31,995

THE OHIO HYDRATE & SUPPLY COMPANY, *Appellee,* v. THE H. W. UNDERHILL CONSTRUCTION COMPANY, *Appellant.*

(40 P. 2d 337)

Opinion filed January 26, 1935.

*H. W. Hart, Glenn Porter, Enos E. Hook* and *Getto McDonald,* all of Wichita, for the appellant.

*Henry Lampl, Maurice Lampl, Rupert Teall* and *Dave Rankin,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Burch, J.: The question in this case is the extent of authority of the district court to dismiss an action brought before it by a fatally defective appeal from a city court, which had jurisdiction of the parties and the subject matter.

Plaintiff sued defendant in the city court of Wichita for $900 due on account. Defendant answered by a counterclaim. After a trial, judgment was rendered for plaintiff, and defendant undertook to appeal. The attempt was ineffectual for lack of bond, and the omission to give bond was not curable by amendment. (*Auto Trunk Co. v. Hahn,* 138 Kan. 36, 23 P. 2d 585, decided July 8, 1933.) The transcript was filed in the district court and the case was docketed there. Defendant obtained leave to amend its answer, and did so. Plaintiff replied. The cause was tried by the court, without a jury, and judgment was rendered for plaintiff on June 14, 1933. A motion for a new trial was filed on June 17, and was taken under advisement. On August 4, but at the same term of court, plaintiff moved to dismiss the appeal on the ground of want of jurisdiction of the district court. The court allowed the motion, and dismissed the appeal.

The subject of jurisdiction of parties was not presented by the motion to dismiss, and is not involved in this appeal. However, both courts had jurisdiction of the parties.

The district court did not obtain jurisdiction of the subject matter of the controversy by appeal. The method of appeal is prescribed by statute, there is no other method, the prescribed method was not followed, and what was done toward vesting the district court with appellate jurisdiction of subject matter was nugatory.

When an appeal is properly taken from a judgment of a city court, the jurisdiction of the district court is appellate only, as it is on appeal from a justice of the peace.

"Indeed, the district court takes a case appealed from a justice of the peace merely as an appealed case, and does not take any original jurisdiction; . . ." (*Wagstaff v. Challiss,* 31 Kan. 212, 216, 1 Pac. 631.)

Sometimes, however, the parties, by some form of manifested assent, and with consent of the district court, may take advantage of the larger jurisdiction of the district court over the field in which the controversy lies, and may raise and try issues not brought up by the appeal, just as they may enlarge issues presented

by pleadings filed originally in district court. There can be no objection to this method of invoking original jurisdiction. Trouble arises when one of the parties attempts to renounce. The question then is, whether what had previously occurred was sufficient to vest the court with original jurisdiction over subject matter. The decisions of this court are in some confusion with respect to the subject, but no question of that character arises in this case.

The court did not get original jurisdiction of the subject matter by agreement or manifested assent of the parties, or consent of the court. The city court transcript and the pleadings filed in the city court were sent up on the assumption an appeal had been perfected. The case was tried on plaintiff's bill of particulars filed in the city court. The answer filed in the city court was amended, but not to counterclaim in a sum beyond jurisdiction of the city .court. Plaintiff filed a reply to the answer, as amended. All this was proper practice in an appellate proceeding. In opening the case in district court, defendant's attorney stated the action originated in the city court and was appealed to the district court. The proceedings in the district court were conducted accordingly. Both the parties and the court assumed the court was sitting in appellate capacity only, and nothing was done in the case inconsistent with purely appellate jurisdiction. After the decision in the Hahn case was published, the motion to dismiss was promptly filed, and there is no question in this case of voluntary submission to or exercise of original jurisdiction.

In cases such as the one under consideration, it is often said the appellee cannot, for one reason or another, raise the question of lack of jurisdiction of subject matter. Generally it is said he "waives" privilege to object. That turns the reproving eye of the court away from the party at fault, who has obtained no right to vex the district court with his case, and turns the aforesaid eye upon the appellee, as the one who is somehow to blame for the situation. To say in this case appellee waived lack of jurisdiction of subject matter would involve misuse of the term waiver. Waiver is voluntary relinquishment of a known right. The appellee may properly be chargeable with waiver in those instances in which he goes to trial with knowledge of the fatal defect in taking the appeal, or voluntarily invokes or submits to exercise of original jurisdiction, but nothing of the kind occurred in this case. Suppose that before filing motion to dismiss, the appellee has done or said something which might be con-

strued as recognition of original jurisdiction of subject matter. There sits the court, which is not bound to continue to act extrajudicially after it learns of defect in the appeal proceeding, whether by the court's own examination of the appeal papers, or by motion to dismiss; and if the court does dismiss, the appellant has no standing to complain. He has no license to do better by taking a void appeal than by taking a valid one.

In cases of this character, time, when want of jurisdiction of subject matter should be urged, has been considered important. Consider this situation: Ineffective appeal to district court, trial there, judgment, term ends, and a year or more goes by. A field for common barratry ought not to be opened by allowing the judgment to be disturbed.

In *Gregg v. Garverick*, 33 Kan. 190, 5 Pac. 751, it was held the question of jurisdiction of the district court on appeal from a justice of the peace could not be raised for the first time in this court. In *Miller v. Bogart*, 19 Kan. 117, it was held a motion to dismiss, on jurisdictional ground, filed after judgment in the district court and after expiration of the term at which judgment was rendered, was too late. In *Ball v. Biggam*, 43 Kan. 327, 23 Pac. 565, it was said the jurisdictional question could be raised at any time during the trial. Some decisions would require the appellee to move to dismiss before anything else occurred in district court. They ignore power of the court to purge its docket of cases which do not belong there, regardless of attitude of the parties.

If parties have placed themselves in a position in which it may fairly be said they have departed from the appeal, and have invoked original jurisdiction, the court may consent to exercise such jurisdiction. If it does, neither party may subsequently complain. The court, however, may, at any time before it has finally disposed of the case, or at the same term at which it has finally disposed of the case, dismiss an appeal which, under the law of appellate procedure, did not bring up subject matter of the litigation. Under the circumstances of this case, the motion to dismiss was filed in time.

In the case of *Shuster v. Finan*, 19 Kan. 114, parties tried a case for three days before a justice of the peace, and then agreed in writing the cause should proceed no further and the justice should certify the case to the district court, there to be tried. This was done, no judgment having been rendered by the justice of the peace, and no appeal having been taken from action of the justice of the

peace. A transcript of the proceedings before the justice of the peace and all papers and files were transmitted to the clerk of the district court. The cause came on for trial in the district court, and a jury was impaneled. Then defendant undertook to break his agreement, and moved to dismiss for want of jurisdiction. The motion was denied. It is not imperative that all actions in district court must begin with filing a petition, that summons must be issued and served, etc. In this instance the parties agreed on a form of initiating a proceeding in district court, not according to the code, but which in fact presented the issues in a real controversy to the district court. They appeared there according to the agreement as if the case had been commenced and issues framed in the regular way. They went to trial in accustomed manner. Therefore the motion to dismiss was properly denied.

In the opinion in the Shuster-Finan case occurs the following:

"But to sustain jurisdiction, all that is essential is, to show that the tribunal had jurisdiction of the person, and of the subject matter. The district court is one of general original jurisdiction, and if parties come voluntarily into that court to litigate a matter of which it could take cognizance, and which is within the scope of its jurisdiction, and make no objection to the form of the proceedings, they will not be heard to say that the court had no jurisdiction, or that its judgment is not binding." (p. 116.)

The statement that, to sustain jurisdiction, all that is essential is to show the court had jurisdiction of parties and subject matter, was not necessary to the decision, and, properly speaking, was dictum. Besides that, the statement was too broad. The remainder of the paragraph was as undiscriminating as the first statement, and the paragraph has caused confusion in the decisions.

Consider this case: Trial of a slander case before a justice of the peace, judgment for plaintiff, defendant appeals. When the case is called in district court, defendant demands a jury trial. Defendant then hires a lawyer who knows the statute expressly prohibited the justice of the peace from entertaining the subject matter of the action. Before the case is called for trial, defendant moves to dismiss on the ground the justice of the peace had no jurisdiction and the district court could not obtain jurisdiction of subject matter by appeal. Notwithstanding defendant appeared in district court, asked for affirmative action, and so submitted his person to the jurisdiction, the district court acquired no jurisdiction of subject matter. If the district court acts in such cases, its judgment is simply void.

In the case of *Armour v. Howe*, 62 Kan. 587, 64 Pac. 42, a city court, having the same jurisdiction as a justice of the peace, had before it a case of forcible detainer. It certified the case to the district court as one in which title was involved. The parties appeared in district court and, after a trial, plaintiff prevailed. Defendant appealed to this court. The statute relating to certification to the district court, when title is involved, did not apply to an action of forcible detainer, there could be no appeal to the district court, and the district court could not obtain jurisdiction of subject matter by appeal. The question was not raised by the parties in district court nor in this court, but this court, of its own motion, dismissed the case, because the district court acted without jurisdiction, and its judgment was void.

A justice of the peace is given, by statute, limited jurisdiction in certain classes of cases. By implication he is forbidden to take jurisdiction in other cases. Consider this situation: The justice tries an equity case for an accounting, a case not in the prohibited class, but not within his granted jurisdiction, and an appeal is taken to the district court. *Berroth v. McElvain*, 41 Kan. 269, 20 Pac. 850, was such a case. It was admitted that both the justice of the peace and the district court had jurisdiction over the persons of both the plaintiff and the defendant. It was held the district court did not and could not take jurisdiction of the case.

Consider the common case in which a justice of the peace or a city court merely exceeds the limitation on granted jurisdiction. Trial, judgment for plaintiff, defendant appeals. In district court, defendant demands a jury trial, and the case is placed on the jury calendar. Defendant has submitted himself to the appellate jurisdiction of the district court. Defendant then hires a lawyer, who examines the appeal papers and discovers no bond was given, and the attempted appeal was ineffective to bring up subject matter. Before the case is called for trial, defendant moves to dismiss. When a case is appealed from a city court to the district court, the district court literally sits as the city court and, sitting as the city court, may do what the city court could have done. (*McConnell v. Rhone*, 128 Kan. 257, 259, 276 Pac. 830.) In the supposed case under consideration, plaintiff who appealed may not deny he invoked appellate jurisdiction only; all defendant did in the first place was to respond to the appeal and exercise a right incident to appellate jurisdiction.

It simply forces the facts to say he voluntarily submitted himself to original jurisdiction, and it is not material that in a case originally commenced in district court, appearance would have held the case there.

The following are declarations of general principles governing appellate jurisdiction of the district court:

"Where a justice of the peace before whom an action was brought had no jurisdiction of the subject matter of the action, no jurisdiction of the cause of action is conferred upon the district court upon the appeal of plaintiff from a judgment rendered in the justice's court, and such action should be dismissed by the district court." (*Sims v. Kennedy,* 67 Kan. 383, syl. ¶ 3, 73 Pac. 51.)

"If jurisdiction over the subject matter of an action be lacking in a justice of the peace, it will not be conferred on the district court by an appeal." (*Parker v. Railway Co.,* 70 Kan. 168, syl. ¶ 4, 78 Pac. 406.)

"A district court on the trial of an action appealed from an inferior court has such jurisdiction only as had the court from which the appeal was taken." (*Dry Goods Co. v. Grear,* 76 Kan. 164, syl. ¶ 1, 90 Pac. 770.)

"Upon an appeal of a replevin action from the justice court to the district court, the district court has only such jurisdiction of the subject matter as the justice court had." (*Woodworth v. Maddox,* 115 Kan. 445, syl. ¶ 3, 223 Pac. 275.)

"The district court upon the trial of an action appealed to that court from a justice court has such jurisdiction only as the justice court had, but the mode of procedure during the trial in the district court should be according to the rules of practice in the district court." (*Duncan v. Rider,* 133 Kan. 307, syl. ¶ 2, 299 Pac. 591.)

In the case of *Wagstaff v. Challiss,* 31 Kan. 212, 1 Pac. 631, Challiss commenced an action against Wagstaff before a justice of the peace. After judgment, the case was appealed to the district court, where judgment was rendered in favor of Challiss. The judgment was reversed by this court, and the cause was remanded. Challiss then demanded that Wagstaff file a bill of particulars of set-off, and obtained an order that Wagstaff should do so. Wagstaff complied, and Challiss moved to strike the set-off, because the amount was beyond the jurisdiction of the justice of the peace where the case originated. The motion was allowed. Wagstaff then asked leave to file a new pleading in furtherance of justice, claiming set-offs amounting to nearly $3,000. The motion was denied, and Wagstaff appealed. If any court ever had jurisdiction over parties, the district court had jurisdiction over Challiss and

Wagstaff. However, the judgment of the district court was affirmed by this court, because of the limitation on jurisdiction of the district court on appeal, over subject matter. The syllabus reads:

"1. Where an action is appealed from a justice of the peace to the district court, the district court takes merely appellate jurisdiction, and no original jurisdiction, and can hear and determine the case only as a case within the jurisdiction of a justice of the peace.

"2. Where an action for recovery of money only has been commenced before a justice of the peace, and is afterward appealed to the district court, the defendant has no absolute right in the district court to set up, claim and prove a set-off exceeding the amount of $300.

"3. And in such a case where the defendant sets up and claims a set-off exceeding $300, and does not withhold setting off any portion of the same, the district court has no jurisdiction to hear and determine such set-off or any portion thereof."

In the case of *Ball v. Biggam*, 43 Kan. 327, 23 Pac. 565, defendants were defeated in an action before a justice of the peace, and appealed. The claim was beyond the jurisdiction of the justice of the peace. In the district court a jury was impaneled, and a witness was placed on the stand. Then defendant, who had taken the appeal and had gone to trial in the district court, objected to jurisdiction of the district court. The court proceeded with the trial, and judgment was again rendered against defendant. On appeal by defendant to this court, it was held the judgment of the district court should be reversed and the cause remanded, with direction to dismiss the appeal. In the opinion it was said:

"The plaintiffs concede that ordinarily the jurisdiction that the district court obtains by virtue of an appeal is simply that of the justice's court; but they claim that because the defendant appealed and sought the district court as the forum in which to try the action he has waived this rule. The jurisdiction of the district court is exclusively and wholly appellate; its original jurisdiction is not invoked at all. If the justice's court was without jurisdiction, it follows that the district court was also without jurisdiction. If the court had no jurisdiction over the subject matter of the controversy, objection could be made at any time during the trial in the district court. The judgment before the justice, being *coram non judice,* was void, and could have been enjoined in an attempt to collect the same by execution." (p. 328.)

"The taking of an appeal would waive any question of jurisdiction of the person, and all irregularities in the appeal, but there was no waiver of the jurisdiction of the court of the subject matter by defendant appealing. His objection to the jurisdiction made in the district court was in time and in the proper manner, and should have been sustained and the action dismissed.' (p. 329.)

In the case of *Milling Co. v. Stevens*, 94 Kan. 745, 147 Pac. 815, plaintiff sued in the city court of Wichita on an Oklahoma judgment, and recovered. Defendant appealed, and filed an answer in district court attacking the Oklahoma judgment on various grounds and praying for relief against collection of it. Plaintiff demurred, and so submitted himself to the jurisdiction of the district court. The opinion of this court reads:

"The city court in which this action was brought has no power to vacate judgments or to enjoin their enforcement [citations], and as the district court in trying the cause on appeal was sitting as a city court it had no jurisdiction to prevent the enforcement of the judgment by injunction [citations]. And likewise it was powerless to set the judgment aside [citations]." (p. 748.)

On principle there is no sound distinction, so far as jurisdiction of the district court is concerned, between no subject matter to take to the district court by appeal, and an appeal ineffective to take subject matter to the district court. As indicated, some distinctions have been established which must be observed; but mere personal appearance of the appellee in the district court in an appeal which did not bring subject matter to the district court, will not vest the district court with a larger jurisdiction than it would have obtained by a valid appeal.

As indicated above, there is some contrariety in the utterances of this court respecting the subject proposed at commencement of this opinion. Some of the diversity was unnecessary.

In the case of *Miller v. Bogart*, 19 Kan. 117, which immediately follows the Shuster-Finan case, the specific ground of the decision was that the question regarding right of appeal was presented too late (syllabus). The opinion, however, repeated the dictum of the Shuster-Finan case.

In the case of *Mo. Pac. Rly. Co. v. Lea*, 47 Kan. 268, 27 Pac. 987, plaintiff sued before a justice of the peace for $300 damages for burning hay worth $360. The sum sued for was within the jurisdiction of the justice of the peace. Plaintiff recovered, and defendant appealed. In district court, plaintiff filed a petition, claiming judgment for $360 and an attorney fee. Defendant indorsed leave to file, in writing, on the petition, and then answered by general denial and by pleading contributory negligence. Several months after the answer was filed, defendant moved to dismiss, and objected to introduction of evidence. By giving leave to file and then by answering the petition, defendant consented to enlargement of the

issues. However, the court, by Horton, C. J., said the motion to dismiss came too late, and then said:

"Under the statute, the district court had jurisdiction of the cause of action even if there had never been any bill of particulars filed before the justice. The voluntary and general appearance of the railway company in the district court gave it jurisdiction over the defendant." (p. 270.)

In the case of *Telegraph Co. v. Moyle*, 51 Kan. 203, 32 Pac. 895, it was sufficient to say the jurisdictional question was not raised in the district court, and could not be raised for the first time in this court, but the court, by Horton, C. J., cited the Lea case and repeated substantially what was there said.

Time and space forbid further comment on the cases. In this instance, the motion to dismiss was occasioned by the decision of this court in *Auto Trunk Co. v. Hahn*, 138 Kan. 36, 23 P. 2d 585. Until the motion to dismiss was filed, the parties and the court had proceeded on the assumption an appeal had been duly taken, and nothing was done by court or counsel inconsistent with jurisdiction by appeal. The attempted appeal did not bring up the subject matter of the controversy. The appearance of the parties did not bring up subject matter of the controversy. The term had not expired at which judgment was rendered, and the cause was as much before the court as it ever had been. When the court was apprised by the motion of the fact the subject matter of the controversy had not been brought within the court's appellate jurisdiction, the court, which was in legal effect sitting as the city court, was not required to change its habiliments, put on the robe of original jurisdiction, and proceed to exercise original jurisdiction.

The judgment of the district court is affirmed.