No. 36,261

VIRGIE G. McCRACKEN et al., *Appellants*, v. HARLEY C. WRIGHT et al., *Appellees*.

(157 P. 2d 814)

Opinion filed April 7, 1945.

*Karl V. Shawver,* of Paola, argued the cause for the appellants.

*Howard E. Payne,* of Olathe, argued the cause, and *John L. Kirkpatrick,* of Olathe, was on the briefs for the appellees.

The opinion of the court was delivered by

BURCH, J.: This case originated in the justice of the peace court as a simple action involving only peaceful entry and forcible detainer. By the time the district court got through with it on appeal, it had the characteristics of actions concerning ejectment, quieting title, declaring a trust in lands, establishing an option, accounting, and a suit to collect rents.

The parties will be referred to as they were designated in the district court. Nothing unusual was alleged in the bill of particu-

lars, which set forth the customary allegations to the effect that the plaintiffs were the owners of the property; that the defendants were tenants under an oral lease from month to month; that statutory notices had been served and that the plaintffs had complied with the federal regulations.

To this bill of particulars the defendants filed in the justice court a pleading erroneously entitled an "Answer and Cross Petition," in which they alleged in substance that the plaintiffs had orally agreed to hold the title to the property in trust for the defendants until such time as the defendants reimbursed the plaintiffs for the money that the plaintiffs, not the defendants, had invested in the property and until such time as the defendants also had reimbursed the plaintiffs for any sums expended by the plaintiffs for taxes and insurance on the property. It was further alleged therein that the defendants had been paying the plaintiffs the sum of $15 each month, not as rent but as consideration for keeping alive, from month to month, an oral option to purchase and that such payments were also to apply upon the purchase price. The cross-petition also alleged that as a matter of equity the court should require the plaintiffs to set forth all amounts expended by them and allow the defendants a reasonable time in which to make reimbursement to the plaintiffs; it also asserted that by reason of the foregoing facts, the title to the real estate was involved in the action and that the justice of the peace, therefore, had no jurisdiction to try the case and it should be certified to the district court. It was so certified but the district court remanded it for trial in the justice court and the trial therein resulted in a jury verdict for the defendants. Appeal was taken to the district court where the case was tried to the court.

In the district court evidence was introduced by the plaintiffs to the effect that they had purchased the property from a loan association which had foreclosed the mortgage upon it; that the deed was issued after the period of redemption had expired; that at the time of the sale, the defendants were occupants of the property and were allowed to remain in possession upon the payment of rent in the amount of $15 each month. Plaintiffs' testimony also disclosed that the plaintiffs had paid all taxes and insurance upon the property. Nothing is to be gained by setting forth a summary of other evidence offered by the plaintiffs.

The evidence of the defendants was in substance as follows: The property, before it was lost by foreclosure, had belonged to the

mother of the wife of the defendant, H. C. Wright, and the Wrights had lived in the property for 24 years; on March 9, 1942, when the deed was delivered to the plaintiffs, the defendant, H. C. Wright, and the plaintiffs met at the office of the loan company and shortly after delivery of the deed, according to such defendant, a conversation took place between the named parties to the effect that the defendant was to have an option to purchase the property for the amount which the plaintiffs had paid for it and in addition thereto any amount which had been expended by the plaintiffs for insurance or taxes plus six percent interest, and it was provided that the oral agreement could be terminated by either party giving the other thirty days' notice in such manner that if the plaintiffs desired to obtain their money, the defendants should have thirty days in which to make the necessary payments and if the defendants wanted the property, they would give the plaintiffs thirty days' notice to such effect, and that the defendants were to pay to the plaintiffs $15 each month as consideration for keeping alive the option provided that such payments were to apply also upon the purchase price in the event the defendants saw fit to purchase the property.

A vice-president of the loan company testified in behalf of the defendant to the effect that the plaintiff, Mr. McCracken, had inquired about the value of the property and had been informed that it was appraised in 1936 for $3,000 and that Mr. McCracken had paid $1,082.25 for the property and had inquired as to whether the witness thought Mr. Wright would be able to pay the plaintiff for the property. An insurance agent also testified that Mr. McCracken had said to the agent that all he wanted was protection for the amount of money he was putting into the property and that if there was a total loss, he wanted the defendant to have the additional amount over the sum which the plaintiff was putting into the property. It should be noted, in passing, that in summarizing defendants' evidence, only the parts thereof most favorable to the defendants have been set forth and that unfavorable and contradictory portions thereof have been omitted intentionally.

At the time of the trial in the district court, one of the original plaintiffs, Mr. McCracken, had died and the action had been revived in the name of Virgie G. McCracken as executrix of the estate of L. W. McCracken. Mrs. McCracken, in rebuttal, denied that any such agreement as defendants asserted had been entered into and testified that she and her husband had bought the property for the

ultimate purpose of occupying it as their home. She also introduced a written receipt, signed by the defendant, H. C. Wright, showing that certain money had been paid by him as "rent."

Upon consideration of the outlined evidence and additional evidence as to the reasonable rental value of the property averaging $35 each month instead of $15, the trial court concluded not only that the plaintiff was not entitled to immediate possession but that the surviving plaintiff should hold the legal title to the property in trust for the defendants; that the defendants were entitled to an accounting; that they should have an option to purchase the property upon the payment of a sum fixed by the court; that the defendants should be required to account to the plaintiff for the reasonable rental value of the use of the property and that if the defendants did not exercise their right to purchase the property within thirty days, that the plaintiff should be declared the legal owner of the property and be given the right to possession after the expiration of the thirty days. Other parts of the court's conclusions need not be commented upon for the reason that the court was without jurisdiction to enter any such judgment.

1. It has been the settled law of this state for many years that a district court takes a case appealed from a justice of the peace with only the limited jurisdiction of the justice and does not acquire any original jurisdiction. This question was discussed at length in the case of *Ohio Hydrate & S. Co. v. H. W. Underhill C. Co.*, 141 Kan. 213, 40 P. 2d 337, from which the following is quoted:

"The following are declarations of general principles governing appellate jurisdiction of the district court: 'Where a justice of the peace before whom an action was brought had no jurisdiction of the subject matter of the action, no jurisdiction of the cause of action is conferred upon the district court upon the appeal of plaintiff from a judgment rendered in the justice's court, and such action should be dismissed by the district court.' (*Sims v. Kennedy*, 67 Kan. 383, syl. ¶ 3, 73 Pac. 51.)

" 'If jurisdiction over the subject matter of an action be lacking in a justice of the peace, it will not be conferred on the district court by an appeal.' (*Parker v. Railway Co.*, 70 Kan. 168, syl. ¶ 4, 78 Pac. 406.)

" 'A district court on the trial of an action appealed from an inferior court has such jurisdiction only as had the court from which the appeal was taken.' (*Dry Goods Co. v. Grear*, 76 Kan. 164, syl. ¶ 1, 90 Pac. 770.)" (p. 219.)

When the present case reached the district court it is apparent it eventually decided the case on the theory that it was before the court as if it had been filed originally in the district court as an action in the nature of ejectment. Actions of unlawful detainer

are not the same as actions in ejectment, either in substance or in form. The first concerns only the right of possession of real property and no ultimate question of title or estate can be determined in the case; while the second is one to recover an estate, legal or equitable, in the real property, with the title and the incidental right of possession. The two cases must be brought in different forums and presented to the courts by very dissimilar pleadings. (See the opinion by Mr. Justice Valentine in the case of *Buettinger v. Hurley,* 34 Kan. 585, 588, 9 Pac. 197.)

Questions concerning title can be considered only in forcible entry and detainer cases for the limited purpose of determining the right of immediate possession. In such cases a question of title is passed upon only as an incident to the right of possession and it is not proper to extend the scope of the litigation beyond determining solely the one question of the right of possession. From the case of *Dineen v. Olson,* 73 Kan. 379, 85 Pac. 538, the following is quoted:

"It may be conceded that an action of forcible detainer is strictly possessory in its character, that the plaintiff must have a perfect right to possession at the time the notice to quit is given, and that when such an action is pending before a justice of the peace—a court without equitable jurisdiction or power —it must be determined as an action at law. (*Kellogg v. Lewis,* 28 Kan. 535; *Gilmore v. Asbury,* 64 Kan. 383, 67 Pac. 864.) But for the purpose of determining the right of possession, questions of title, legal or equitable, may be incidentally considered. (*Conaway v. Gore,* 27 Kan. 122; *McClain v. Jones,* 60 Kan. 639, 57 Pac. 500.) In the case of *Conaway v. Gore,* supra, which was an action of this nature, Mr. Justice Brewer, who delivered the opinion of the court, used the following language: 'It is true, as the court charged the jury, that questions of title are not to be litigated in actions of this nature. The question is simply one of the unlawful and forcible disturbance or withholding of possession; and yet, as we shall see hereafter, evidences of title are often properly received in evidence, and questions of title may often be considered and have an important bearing upon the final decision. Indeed, cases may arise under our statute where the plaintiff may rest his entire right of recovery upon mere proof of title.' (Page 126.)" (p. 386.)

2. Counsel for the defendants concede that such may be the general rule but contend that in the instant case the plaintiffs waived the question of jurisdiction by appealing and by filing new pleadings and going to trial in the district court without renewing the objection as to the jurisdiction of the court. The mere filing of an appeal does not confer jurisdiction on the district court where the justice of the peace, from whom the action was brought, had no jurisdiction of the subject matter of the action. See *Sims v. Ken-*

*nedy,* supra; also *Parker v. Railway Co.,* supra, from which the fourth paragraph of the syllabus is quoted as follows:

"If jurisdiction over the subject-matter of an action be lacking in a justice of the peace, it will not be conferred on the district court by an appeal."

Examination of the record discloses that when the court made its findings of fact and conclusions of law the filed statement by the court begins as follows:

"This is an action which was originally filed in a justice of the peace court."

Nothing is said in the statement to the effect that any of the parties, either orally or otherwise, ever expressly waived the question of jurisdiction, or that as a matter of law, the court found that by reason of their conduct, the question of jurisdiction had been waived by implication. Since there is nothing in the court's findings showing any express or implied waiver, consideration must be given to the question of whether there is merit to the contention of the defendants that the plaintiffs waived the question of jurisdiction by filing new pleadings and going to trial in the district court. Examination of the new pleadings filed by the plaintiffs discloses that nothing was alleged in the first amended bill of particulars which enlarged in any manner upon the original pleading filed by the plaintiffs. The amended bill of particulars set forth only the facts relative to the death of one of the plaintiffs and showed that the action was revived in the name of the executrix, and alleged as follows:

"That the plaintiffs now refer to the Bill of Particulars filed in the above entitled cause and by this reference make and constitute the same a part hereof."

A second amended bill of particulars also was filed, which set forth specifically that compliance had been made with the federal rent control regulations and again included the same reference to the first bill of particulars as a part of the second amended bill of particulars. Therefore, it follows that there is nothing in the pleadings or record which shows that the plaintiffs intended to or did waive the question of jurisdiction. Following the filing of the second amended bill of particulars the defendants filed an amended answer and cross petition, setting forth therein the oral contract in much the same manner as the original answer and cross petition which has been commented upon hereinbefore. Thus, it will be seen that the defendants injected into the controversy the matter which they claim is the basis for the waiver of the question of jurisdiction. The trouble with the contention is that a pleading filed by the de-

fendants cannot be construed as a waiver by the plaintiff of the question of jurisdiction. There may be some question as to the wisdom of ever enlarging upon jurisdiction by express stipulation or by implication of law arising by reason of operation of the principles of estoppel. To do so, in substance, allows parties to enlarge upon and sometimes disregard the limitations upon jurisdiction imposed by the statutes and the settled law of the state. It must be conceded, however, that it has been held in certain instances where proceedings occur in a court having jurisdiction of the parties and of the subject matter, that the parties may, by stipulation and in some instances by conduct, waive the limited jurisdiction of the district court upon appeal from a justice court. In cases of express waiver, the practice is sometimes approved in order to save the time and to avoid the expense and effort incident to filing new pleadings and bringing a new case in the same court. In such connection see the case of *Ohio Hydrate & S. Co. v. H. W. Underhill C. Co.*, supra, and the decisions therein discussed; see, also, the case of *McConnell v. Rhone*, 128 Kan. 446, 279 Pac. 4. In the last cited case the pleadings filed showed that the action was not one strictly in forcible detention. The pleadings in such case contained all the allegations and presented all the issues necessary to enable the district court to have tried and determined the question of title to the property as if the action had been commenced in that court. Not only was such true, but in the cited case the parties filed a stipulation in the district court which in effect was a voluntary submission to the district court of all of the issues raised by the pleadings. Under such circumstances, it was held that the district court acquired jurisdiction. Similar circumstances are absent in the present case.

The theory of waiver of jurisdiction by conduct cannot be applied properly in the present case because the plaintiffs had no way of knowing in advance that the court intended to exercise original jurisdiction. The same court had originally held that the question of title to real estate could not be determined by the justice of the peace and had, therefore, remanded the case to the justice for determining only the right of possession. Since the district court on appeal acquired only the jurisdiction of the justice of the peace, its action was *coram non judice* insofar as it had the right to determine the ultimate question of title and the plaintiffs had no reason to anticipate anything to the contrary. The defendants insist that because the plaintiffs failed to make proper and timely objections to the introduction of evidence, they thereby waived the question of

jurisdiction. Such reasoning cannot be sound, however, because such evidence might have been introduced properly for the purpose of defeating title solely as an incident to the right of possession. It follows that the plaintiffs had no way of knowing that the district court, without indication thereof, would suddenly decide, at the time it entered its findings of fact and conclusions of law, to exercise original jurisdiction. Waiver is the voluntary and intelligent renunciation of a *known* right. (See *State, ex rel., v. Hobbs,* 158 Kan. 320, 147 P. 2d 721.) There is nothing in the record in this case which indicates that counsel for the plaintiffs knew the court intended to exceed its appellate jurisdiction until the findings of fact and conclusions of law were filed by the court. Since the first knowledge of that fact was acquired after the occurrence of the conduct upon which the claim of waiver is based, the doctrine of waiver cannot be properly applied. The plaintiffs had the right to assume that the only failure they should anticipate in the forcible entry and detention case would be the denial of the immediate right of possession. It must follow that the plaintiffs did not waive the question of jurisdiction by reason of the appeal or by implication from conduct.

3. Viewed in its most favorable light, the defendants' claim to title in the present case is similar to that asserted by the defendants in the case of *Bramwell v. Trower,* 92 Kan. 144, 139 Pac. 1018. In the cited case an action in forcible entry and detainer was brought to recover possession of property which plaintiff claimed the defendants occupied as tenants. It was commenced in the city court of Kansas City and afterwards appealed to the district court, where the court directed verdict for the plaintiff and the defendants appealed. The property originally belonged to Trower, who lost it by foreclosure proceedings, the title passing to Bramwell by a sheriff's deed. Trower, with his family, remained in possession of the premises as tenants and while such tenants Trower claimed to have made a contract with Bramwell to purchase the property, and further claimed that the contract had been partially performed by payment of $100 of the purchase money and by making valuable and lasting improvements. From the opinion in the case the following is quoted:

"The case is an apt illustration of the established rule that an action in forcible entry and detainer brought in a justice court is not a suitable remedy to recover possession of real estate from one who is in possession under a substantial claim, legal or equitable, that he is the owner thereof. The assignments of error relate entirely to rulings of the court in the admission of evidence; and aside from this the only questions discussed in the briefs relate

to whether the written memorandum upon which Trower relied in part to establish his contract is sufficient under the statute of frauds. In our view of the case none of these questions need be considered for the reason that they have no place in an action in forcible entry and detainer. It was sufficiently shown in this case that Trower was claiming to be the equitable owner of the property under a contract of purchase; that his claim is substantial, not a mere pretext; and the law is well settled that he can not be ousted from possession by a summary proceeding of this nature. Upon the showing of a claim with as much substantial merit as the evidence of defendants establish in this case it became the duty of the trial court to dismiss the proceeding and leave the parties to litigate the question of title in some more suitable form of action." (p. 145.)

In support of such statement the decision cites the case of *Linder v. Warnock*, 91 Kan. 272, 137 Pac. 962. From the opinion in such case the following is quoted:

"We think it fairly appeared that there was an actual conflict on the subject, involving serious questions both of law and fact, and in view of that situation the court properly brought the proceeding to an end. The general rule is that in the absence of an express statute . . . 'an action of unlawful detainer can not be brought against one claiming the premises in question under a contract to purchase.' . . . One claiming to be the equitable owner of property under a contract of purchase—his claim being substantial, and not a mere pretext—can not be ousted from possession by a summary proceeding before a justice of the peace. (*Alderman v. Boeken*, 25 Kan. 658.) . . ." (pp. 273, 274.)

In the last cited case the demurrer to the plaintiff's evidence was sustained and the plaintiff appealed. It was held that the summary procedure chosen was not adaptable to the determination of the question and that the judgment should be affirmed.

It also has been held in countless cases that if a defendant has any title or legal right to possession of land, such right must be determined in some action filed in a proper tribunal for trying such questions. (See 26 C. J. 814, § 40.) It is not necessary for this court to determine whether the defendants should bring a proper action in a proper court or whether the plaintiff should be required to file the action. It is sufficient to hold that the question of the defendants' claim to title could not be determined by the district court in the present action.

The judgment is reversed with instructions to set aside all the findings, conclusions and the judgment of the trial court, and to grant a new trial for the purpose of determining only the right of immediate possession of the property.

Wedell, J. not participating.

THIELE, J. (concurring specially): I am in agreement generally with what is said in the concurring opinion of Justice Hoch, I believe that one proposition urged by appellants is decisive of this appeal. The action filed in the justice of the peace court was one in forcible detainer. On appeal the district court obtained jurisdiction only over the subject matter of that action, and no more. It had no power to expand the issue presented in the forcible detainer case and to determine the validity of the defendant's asserted equitable title to the involved real estate. When it did so, it acted beyond its competence and its judgment was erroneous. We need not now speculate on what the result would be of a proper trial of the appeal in the district court.

HOCH, J. (concurring specially): I concur in the result in this case and in large part in what is said in the opinion. In view, however, of that result, paragraph 3 of the syllabus and portions of the corresponding part of the opinion seem to me inappropriate and inadvisable. We are here saying that in a forcible detainer case, on appeal from the justice court to the district court, there can be no binding determination of title and that claims of title can only be considered as incident to determination of the right of immediate possession. The new trial is to be so limited. That being true it is not for us upon this appeal to pass upon any claims of title which may be made by either party and nothing should be said which either party might construe as such, even by implication. Whether facts will be developed which will, in the opinion of the trial court, place defendant's claim of an equitable title under an oral trust agreement within the rule of *Bramwell v. Trower*, cited in paragraph 3 of the syllabus, is mere speculation. For the same reason I would have considered inadvisable any determination at this time of the question of whether the defendants' asserted trust is unenforceable under the statute of frauds. We do not know what facts may be disclosed, having an important bearing upon that question.

This expression of personal views is not meant to convey the impression that the court's opinion is intended to indicate that the rule stated in paragraph 3 of the syllabus will be found applicable in this case and prevent judgment for plaintiff. I only wish to make clear that as far as I am concerned no opinion is being indicated on that question.

BURCH, J. (concurring in part and dissenting in part): I am

unable to agree that syllabus 3 and the corresponding part of the opinion following *Bramwell v. Trower,* supra, and *Linder v. Warnock,* supra, are applicable to the present case. The defendants, in my opinion, did not plead or prove a substantial, meritorious claim to an equitable title. Obviously, the very purpose of summary proceedings in forcible entry and detainer cases is defeated if defendants can assert a claim to title which is unenforceable under the statute of frauds and have the allegation of such a claim result in prolonged delay and extended litigation, during which the defendants retain possession and the plaintiffs are deprived of it. I am aware that such result must follow where the asserted claim to title is meritorious but I think that it should never follow in cases wherein the alleged claim to title is legally unenforceable. In border-line cases I think the proper ruling, in a summary proceeding, is to deny the doubtful claim to title and thus require the party asserting it to bring a proper action in a court having jurisdiction of the subject matter. No ultimate harm can result from such a ruling because the ruling of the court in a forcible entry and detainer case does not establish a link in the chain of title and the ultimate question of title can be litigated in a proper tribunal without prejudice resulting from the judgment entered in the forcible entry and detainer case. I agree that in cases where it affirmatively appears that the plaintiff, prior to bringing action, knows of the defendant's substantial claim to title having been created by the execution of a written agreement, under which partial performance has occurred, that the plaintiff should not bring an action in forcible entry and detainer for the purpose of acquiring possession when such action is predicated only upon a default having been made by the defendant after substantial equities have developed. Nothing of the kind, however, develops in the present case. In the case of *Linder v. Warnock,* supra, a written contract had been executed between the parties and $1,000 had been paid down at the time of the execution thereof. In addition thereto, two substantial payments had been made upon the contract. Default had occurred in other payments but the situation was such that a waiver of right to strict forfeiture might be readily inferred. Under such circumstances, it was held that the rule should be applied to the effect that one claiming to be the equitable owner of the property under a contract of purchase—his claim being substantial, and not a mere pretext—cannot be ousted from possession by a summary pro-

ceeding. Similar qualifying circumstances are absent in the present case. In *Bramwell v. Trower,* supra, the contract to purchase had been partially performed and valuable and lasting improvements had been made; in addition a written memorandum had been entered into between the parties, upon which the defendant relied in part to establish his contract as sufficient under the statute of frauds. No such circumstances are present in the case now before this court. In cases in which the claim to title is not substantial or meritorious because of the operation of the statute of frauds, this court has upheld district courts in denying the defendant's claim to title in forcible entry and detention cases. (See *Hale v. Brown,* 119 Kan. 303, 239 Pac. 963; and, also, *Dineen v. Olson,* 73 Kan. 379, 85 Pac. 538.)

The foregoing necessarily requires consideration of whether the defendants' asserted claim to title is meritorious. In the present case the evidence substantiated only an oral contract and such a contract as is clearly unenforceable legally under the statute of frauds. In cases sustaining specific performance of a contract originally unenforceable by reason of the statute of frauds, the following elements are usually considered: substantial part performance; the making of valuable and lasting improvements; payment of the purchase price; possession; and the inequities which result when specific performance is denied. Payment alone will not take the parol purchase out of the statute of frauds. (*May v. Mograin,* 24 Kan. 75; *Baldwin v. Baldwin,* 73 Kan. 39, 84 Pac. 568.) Loss of the fruits of the bargain is not sufficient. (*Baldridge v. Centgraf,* 82 Kan. 240, 108 Pac. 83.) The possession of land to constitute a part performance of a contract, unenforceable under the statute of frauds, must necessarily be referable solely to the contract, and not be referable to any other cause. (*Hartshorn v. Smart,* 67 Kan. 543, 73 Pac. 73; *O'Brien v. Foulke,* 69 Kan. 475, 77 Pac. 103; *Baldridge v. Centgraf,* supra; and see, also the dissenting opinion by the now Chief Justice Harvey in the case of *Eakin v. Wycoff,* 118 Kan. 167, 234 Pac. 63.)

In the present case all of the usual elements were absent except a continuation of possession acquired under preëxisting conditions. There had been no substantial performance; no valuable improvements had been made; payment of the purchase price had not occurred; and no inequities had resulted because the defendants had merely remained in possession by paying less than one-half of the amount which the court found to be the reasonable value of the use

of the property. Nothing is in the case except a contract legally unenforceable under the statute and possession. No change of possession took place and the continuation of the possession was as readily referable to the relationship of landlord and tenant as it was to the claim of the defendants. In some instances a continuation of a previously acquired right of possession may be referable only to a contract unenforceable under the statute of frauds, but such is not true in the present case and it must be true in order to avoid the statute. (See *Ducie v. Ford,* 138 U. S. 587, 34 L. Ed. 1091, 11 S. Ct. 417.) If the defendants were tenants, the rule applies to them. (See the annotation in 3 L. R. A., n. s., beginning at page 790, and 49 Am. Jur. 748, § 442.) If the defendants were not tenants, they were in the position of judgment debtors following the existence of the relationship of mortgagee and mortgagor. Such being true, the rule applies to them almost without exception. (See *Emmel v. Hayes,* 102 Mo. 186, 14 S. W. 209, 11 L. R. A. 323, 22 Am. St. Rep. 769; also, *White v. Savings Bank,* 299 Mich. 109, 299 N. W. 827, 136 A. L. R. 259; and 49 Am. Jur. 789, § 487.)

Sifted on the screen of the foregoing legal principles, the defendants' claim for specific performance has no substantial merit. If such reasoning be sound, then the case should be reversed with instructions to enter judgment for the plaintiff for immediate possession of the premises because the incident of title asserted by the defendants from the standpoint of legal analysis proves to be a mere pretext by reason of the operation of the statute of frauds. The decision of this court can only result in a new trial on the question of possession; another trial in the district court, in which the question of title may be there decided; and possibly another appeal to this court. In order to avoid such an unnecessary multiplicity of actions, this court should consider whether the claim to title, asserted as an incident to the right of immediate possession, has substantial merit and express itself accordingly; otherwise, the inference from the decision is to the effect that the claim has such merit and unjustified consequences may follow.