No. 36,571

L. E. BOLLINGER and MRS. L. E. BOLLINGER, *Appellees*, v. DAVID S. DIETRICH, *Appellant*.

(168 P. 2d 87)

Opinion filed April 18, 1946.

*Walter T. Chaney,* of Topeka, argued the cause, and *Lawrence J. Richardson,* of Topeka, was on the briefs for the appellant.

*A. Harry Crane,* of Topeka, argued the cause, and *Ward D. Martin, Harry C. Snyder, Jr.,* and *M. D. Bartlow,* all of Topeka, were on the briefs for the appellees.

The opinion of the court was delivered by

HOCH, J.: This was an action in forcible detainer to recover possession of a residence property. The plaintiffs prevailed and the defendant appeals. Appellant's principal contention is that the action involved a substantial claim of title by the defendant and that therefore the court was without jurisdiction to enter judgment in the summary proceeding of forcible detainer.

The action was brought in the Court of Topeka and taken to the district court upon appeal by the defendant. In such a case the jurisdiction of the city court was the same as that of a justice of the peace (G. S. 1935, 20-1403), and it is well settled that upon appeal from a justice of the peace the district court has only the limited jurisdiction of the justice court (*Dry Goods Co. v. Grear,* 76 Kan.

164, syl. ¶ 1, 90 Pac. 770; *Duncan v. Rider*, 133 Kan. 307, syl. ¶ 2, 299 Pac. 591; *Ohio Hydrate & S. Co. v. H. W. Underhill C. Co.*, 141 Kan. 213, 219, 40 P. 2d 337; *McCracken v. Wright*, 159 Kan. 615, 618, 157 P. 2d 814).

It is also well settled that forcible detainer is solely a possessory action, and that ultimate questions of title to real estate cannot be determined in such a proceeding. Title can only be considered as incident to the right of immediate possession. (*McCracken v. Wright*, supra, syl. ¶ 1, and cases cited on page 619.) A mere allegation, however, by the defendant that he has title does not deprive the court of jurisdiction to hear the case, and the court may proceed until it appears that the question involved is in fact one of title. (36 C. J. S. 1170, note 55; 26 C. J. 842, notes 40 (*a*) 50; 22 Am. Jur. 934.)

The appellees Bollinger were owners of a residence property in Topeka which had been occupied for several years by the appellant Dietrich. In June, 1945, the appellees filed a bill of particulars in the Court of Topeka alleging ownership in fee simple of the property; that the statutory notices to the tenant to vacate the premises had been served; that copies of the notice to quit and the affidavit of service had been regularly delivered to the OPA rent control office, and that other statutory requirements had been complied with. No contention is made by the appellant that the required notices were not given. In his answer the defendant alleged that he was the equitable owner of the property by virtue of a contract of sale and was entitled to a deed of conveyance which the plaintiffs had refused to execute. He prayed that the action be dismissed or in the alternative that he recover judgment against the plaintiffs for possession of the property. Plaintiffs filed a motion to make definite and certain by requiring the defendant to state whether the alleged agreement of sale was in writing and if in writing, to furnish a copy. The motion was sustained and an amended answer was then filed in which the defendant alleged that on or about March 23, 1944, plaintiffs offered to sell the property to him for $5,000 and that on December 5, 1944, he agreed in writing to buy at that price. He submitted as an exhibit a copy of the alleged agreement. The plaintiffs' reply consisted of a general denial and an allegation that on March 23, 1944, they orally offered to sell the property to defendant for the sum of $5,000 in cash—which offer he orally rejected—and that thereafter they orally listed the property

with the defendant, who was a real-estate agent, for sale for $5,000 cash, said listing to be for a period of ninety days only from March 23. After hearing testimony offered by plaintiffs and defendant and other evidence, the court made this statement:

"Now as to the question raised by the defendant as to whether there is a matter of title involved in this case. ·. . . That same question was presented some time ago on a motion to certify based upon the allegations of the pleadings, and it was determined by this Court at that time that there was no question of title involved as disclosed by the pleadings. Now the defendant has raised that same question again upon the trial of the case and after the introduction of the evidence. Even if the defendant did make a claim of ownership in his answer which, if substantiated, might have raised the question of title, there isn't any evidence to support that claim. He hasn't introduced any evidence here that even borders on title of any kind or color of title. . . . I think it goes without saying that the plaintiffs in this case have the right to withdraw a listing at any time they wanted to, at least after the 90 days. They had, I think, also the right to turn down any offer which the defendant may have made to purchase the property up until the time they had accepted that offer in one of two ways—either by a writing or by orally agreeing to the purchase price and the terms, plus the possession which the defendant had. Now there isn't any writing signed by the plaintiffs at all. There is possession by the defendant, but there is no evidence of any oral agreement or any oral statement made by the plaintiffs in this case upon which the defendant could hook his possession to make it a binding agreement."

Findings in harmony with the court's statement were made, judgment for possession was entered for plaintiffs, and this appeal followed.

It is unnecessary to narrate at length the evidence, which amply supports the findings. The appellant testified that the appellees had listed the property with him for sale for $5,000 cash under a contract exclusive for ninety days; that he offered to buy the property himself for $4,500, but his offer was rejected. His contention that he became the equitable owner and is entitled to a conveyance is based upon a letter which he wrote to the appellees in California on December 5, 1944, in which he enclosed a sales contract and stated that he was "going to come up to your asking price of $5,000." He stated that he was enclosing a check for the December rent, and another check in the amount of $100 as earnest money. The sales contract which he enclosed did not meet the terms of the offer. Instead of payment in cash, ·it provided for payment of $100 at the time of execution of the agreement and payment of the balance "as of April 1, 1945." Promptly upon receipt of appellant's letter of December 5, and on December 8, 1944, Mrs. Bollinger, writing from

Los Angeles, Cal., returned the check and stated that they were coming back to Topeka about the first of April and would occupy the place again themselves. It is not necessary to set out the contents of other letters or other testimony submitted. We find nothing in the record to substantiate a claim that the appellant agreed to purchase the property upon the cash terms offered by the appellees. In the cases relied upon by appellant a substantial claim of title was present, based either upon a written contract of sale or upon partial performance under an oral contract. No such showing was made in this case. It is not contended that there was any written contract nor that the transaction was taken out of the statute of frauds by the making of permanent improvements or otherwise.

The judgment is affirmed, and it is further ordered that the mandate go down at once.