No. 31,864

SINCLAIR REFINING COMPANY, *Appellant,* v. CARL SCHLEMEYER, *Appellee.*

(41 P. 2d 773)

Opinion filed March 9, 1935.

*James O. McVey,* of Hill City, *C. M. Holmquist,* of Hays, *Thomas H. Edwards, John Kramer* and *Verne D. Edwards,* all of Kansas City, Mo., for the appellant; *J. G. Logan* and *H. E. Doherty,* both of Topeka, of counsel.

*J. S. Parker* and *W. L. Sayers,* both of Hill City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: An action was duly commenced before a justice of the peace. Plaintiff filed a bill of particulars, and defendant counterclaimed in a sum far beyond jurisdiction of the justice of the peace. After some continuances, the parties signed a written stipulation which follows:

"WHEREAS, the plaintiff above named has an action pending against the above-named defendant in the justice court of J. R. Ashcroft, a justice of the peace in Hill City township in Graham county, Kan.; and

"WHEREAS, the said defendant has filed cross action in said case; and

"WHEREAS, it has been agreed between plaintiff and defendant that this action should be tried out in the district court;

"Now, THEREFORE, It is agreed between the plaintiff and defendant that this action shall be discontinued in the justice court above mentioned, and all papers and documents now on file in said justice court shall be filed in the district court of Graham county, Kan., and that both parties, plaintiff and defendant, hereby enter appearance in said district court and agree that all issues between plaintiff and defendant in relation to the matters recited in the bill of particulars of plaintiff and in the answer and bill of particulars of defendant may be tried out in this case in the district court of Graham county, Kan., the same as if the case had been originally filed in said court, and that said court may enter judgment in said case as fully as if it had never been filed in the justice court."

Nothing further was done in justice court. The pleadings and stipulation were filed in district court, where the case was duly docketed. Pursuant to leave granted, plaintiff filed a reply. Continuances were granted at plaintiff's request, and plaintiff took depositions. Before the case was called for trial, plaintiff filed a motion to remand, which was denied. Plaintiff then filed a motion to dismiss on the ground the district court had no jurisdiction of the subject matter. As indicated, the motion was denied.

The motion to dismiss was properly denied. The subject is sufficiently discussed in the opinion in the case of *Ohio Hydrate & S. Co. v. H. W. Underhill C. Co.*, 141 Kan. 213, 40 P. 2d 337.

The judgment of the district court is affirmed.